**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6970

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRISHONE CRYSTAL JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., Senior District Judge. (CR-96-30022)

Submitted: October 18, 2005        Decided: October 21, 2005

Before WIDENER, MICHAEL, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Crishone Crystal Johnson, Appellant Pro Se. Ray B. Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

By notice of appeal dated May 25, 2005, Crishone Crystal Johnson seeks to appeal her sentence ordered in a March 4, 1999, criminal judgment, citing <u>United States v. Booker</u>, 543 U.S. ____, 125 S. Ct. 738 (2005) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). In criminal cases, the defendant must file her notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). The time periods established by Rule 4 are "mandatory and jurisdictional." <u>Browder v. Director, Dep't of Corr.</u>, 434 U.S. 257, 264 (1978). Insofar as Johnson appeals the March 4, 1999, criminal judgment, we dismiss the appeal for lack of jurisdiction.[1] [2]

Accordingly, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[1]Insofar as Johnson is appealing the February 14, 2005, order denying her motion to expedite review of a successive 28 U.S.C. § 2255 (2000) motion, this court does not have jurisdiction because the May 25, 2005, notice of appeal is untimely as to that order. <u>See</u> Fed. R. App. P. 4(a)(1)(B).

[2]To the extent Johnson may be seeking authorization to file a second or successive 28 U.S.C. § 2255 (2000) motion pursuant to 28 U.S.C. § 2244 (2000), citing <u>Booker</u> and <u>Blakely</u>, we deny authorization because the Supreme Court did not announce a new rule of constitutional law made retroactive to cases on collateral review with respect to either case.